IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN P. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 2237 |
| ) | |
| P.O. ADAM STAPLETON, P.O. THOMAS A. ROLAND, ) | Judge Joan H. Lefkow |
| and P.O. JAMES P. GARRETT, individually, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ROLAND'S MOTION TO DISMISS
COUNT I OF PLAINTIFF'S COMPLAINT**

Defendant THOMAS ROLAND, by and through his undersigned attorneys, and pursuant to Fed.R.Civ.P. 12(b)(6), moves this Court for the entry of an order dismissing Count I of Plaintiff's Complaint against him with prejudice for failing to state a claim upon which relief can be granted, and in support of this motion, states as follows:

1. This matter arises from an alleged altercation between Plaintiff and Defendants on April 21, 2007, in Seneca, Illinois. Plaintiff asserts two claims against Defendants: (1) a §1983 excessive force claim, and (2) a state law battery claim.

2. Plaintiff's excessive force claim is legally insufficient because there are no factual allegations in the Complaint which indicate that Roland or any other Defendant was acting under color of law at the time of the alleged wrongful conduct.

3. To plead a claim adequately, the complaint must contain factual allegations which indicate that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007); *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

4. For a plaintiff to recover under §1983, the defendant must have acted under color of state law. *Screws v. United States*, 325 U.S. 91, 109-11, 65 S. Ct. 1031, 1039-40 (1945). Federal courts have adopted a functional test to determine whether a defendant is acting under color of law. *Latuszkin v. City of Chicago*, 250 F.3d 502, 505-06 (7th Cir. 2001). Police officers act under color of law when they are performing or attempting to perform police activity. *Mendez v. Village of Tinley Park*, 2008 WL 427791 at *2 (N.D.Ill. Feb. 14, 2008).

5. Here, Plaintiff fails to allege any facts which make it plausible to believe that Roland was performing or attempting to perform any police function when he allegedly struck and beat Plaintiff. (*See* Compl., ¶10). To the contrary, Plaintiff's alleged facts indicate that Roland was not acting under color of law.

6. First, the allegedly unprovoked beating of Plaintiff cannot be viewed as a police activity. *See Mendez*, 2008 WL 427791 at *2 (court concluding that conduct could not be described as a "police function" when there is no law that allows or permits such conduct).

7. Second, the allegations indicate that the alleged beating occurred at a place outside of Roland's jurisdiction. Plaintiff alleges that Roland: (a) was a duly appointed officer of the Will County Sheriff's Office (Compl., ¶5); and (b) encountered Plaintiff in Seneca, Illinois (*Id.*, ¶¶7-10). This Court can take judicial notice that the Village of Seneca, Illinois is situated in LaSalle County, Illinois.

8. Because the situs of the alleged wrongdoing (LaSalle County) was outside the territorial limits of Roland's alleged law enforcement jurisdiction (Will County), this Court cannot reasonably infer that Roland was engaged in any police activity while in Seneca, Illinois.

9. Absent some allegation that Roland was performing a police function at the time of the alleged wrongdoing, this Court must speculate in order to accept that Roland was acting

2

under color of law at the time of the alleged wrongful conduct. The need for such speculation demonstrates that Plaintiff's allegations are insufficient to state a §1983 claim against Roland, and therefore the excessive force claim against Roland in Count I must be dismissed.

WHEREFORE, Defendant THOMAS ROLAND respectfully requests that this Court enter an order dismissing Count I of the Complaint with prejudice to the extent Plaintiff purports to assert that claim against Roland, and granting Roland such further or additional relief this Court deems just and appropriate.

Respectfully submitted,

THOMAS A. ROLAND

s/ Martin W. McManaman
One of the attorneys for Defendant

Martin W. McManaman
Lisa M. Kepler
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500