# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2237 | **DATE** | 8/27/2008 |
| **CASE TITLE** | Kelly vs. Stapleton, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Roland's motion to dismiss count I of the complaint [25] is denied. *See statement below*.

■[ For further details see text below.]            Notices mailed by Judicial staff.

## STATEMENT

Defendant Thomas A. Roland contends that the complaint fails to plead any factual allegations which indicate that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief, citing, *inter alia*, *Bell Atlantic Corp.* v. *Twombly*, ___U.S. ___, 127 S. Ct. 1955, 1965 (2007), and *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).
    A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As articulated by the court in *Concentra*, "[t]he Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' *Bell Atlantic Corp.* v. *Twombly*, — U.S. —, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra*, 496 F.3d 773, 776-77 (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14). Section 1983 pleadings require two elements: (1) the plaintiff was deprived of a federal right, and (2) the person who deprived him was acting under color of state or territorial law. *Gomez* v. *Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).
    Roland's primary argument is that "Plaintiff fails to allege any facts which make it plausible to believe that Roland was performing or attempting to perform any police function when he allegedly struck and beat Plaintiff." Roland then supplements the motion with facts outside the complaint asserting that the incident alleged took place outside Will County and outside Roland's law enforcement jurisdiction.

**STATEMENT**

    The complaint alone is the measure of its sufficiency, not facts that may constitute a denial or defense. Plaintiff alleges that Roland was a "duly appointed police officer of the Will County Sheriff's Department and at all relevant times was acting under color of law as a law enforcement officer." Complaint ¶ 6. He alleges that on or about April 21, 2007, in the vicinity of Dupont Road in Seneca, Illinois, Roland and other officers beat him using excessive force and filed a false criminal charge against him to cover up their conduct. He claims violation of his Fourth Amendment rights. This is sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. Furthermore, the mere fact that Roland was not in Will County when he committed the alleged acts does not foreclose a claim of excessive force. *See*, *e.g.*, *Rambo* v. *Daley*, 851 F.Supp. 1222, 1226 (N.D. Ill.1994) ("If you are an active-duty police officer, specially authorized by virtue of that status to carry a badge and a gun and to act like a police officer, then if you do act like a police officer you may well be acting under color of state law even if you lack actual authority for your specific actions, no matter how, why, or where you act.").